**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHARLES EARL,**                                                            **PLAINTIFF**

**V.**                             **NO. 2:07CV149-M-D**

**COAHOMA COUNTY SHERIFF DEPT., et al.,**                 **DEFENDANTS**

**OPINION**

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains that one day he was not served a noon meal. Plaintiff further contends that he feels threatened by Defendant Austin a corrections officer. Plaintiff does not allege any physical injury but, nevertheless seeks monetary damages for a violation of his unidentified constitutional rights.

The Prison Litigation Reform Act provides in part, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v.*

*Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his assertions, Plaintiff has not alleged any physical injury. *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury). A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Since Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state claim of a constitutional nature. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Harrison v. Smith, 83 Fed. Appx. 630*, 631, 2003 WL 22946387 at *1 (5th Cir. 2003) (prisoner did not state a claim when he failed to prove he suffered any physical injury as a result of allegedly unsafe conditions of confinement). Moreover, Plaintiff does not contend that he has been routinely or regularly denied meals. Rather, this one occasion that he was not served a noon meal appears to be an oversight or in legal terms simple negligence which is insufficient to state a claim for § 1983 relief. *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (negligent conduct is not actionable).

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claim lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 3rd day of October, 2007.

                                           **/s/ Michael P. Mills**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**